IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| BRENDA JOHNSON ) | |
| ) | |
| v. ) | Case No. 3:24-cv-01304 |
| ) | |
| TRAVIS MACON LAMPLEY *et al.* ) | |

**TO:** Honorable Waverly D. Crenshaw, Jr., United States District Judge

# R E P O R T  A N D  R E C O M M E N D A T I O N[1]

By Order entered February 19, 2025 (Docket Entry No. 55), the Court referred this *pro se* action to the Magistrate Judge for pretrial proceedings under 28 U.S.C. §§ 636(b)(1)(A)( and (B), Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

For the reasons set forth below, the undersigned respectfully recommends that: (1) Plaintiff's "request for judgment under Rule 54(b) and notice of removal" (Docket Entry No. 70) be **DENIED** and (2) the emergency motion to remand filed by Defendant Tennessee Department of Children's Services ("DCS") (Docket Entry No. 78) be **GRANTED**. Because the Court finds a proper basis for remand of this case, it is further recommended that all other pending motions be terminated or denied as moot.

## I. BACKGROUND SUMMARY

Brenda Faye Johnson ("Plaintiff") is a resident of Murfreesboro, Tennessee. On October 30, 2024, she initiated this *pro se* lawsuit with the filing of a 71 page complaint. *See* Complaint (Docket

---

[1] The undersigned has addressed the issues of removal and remand via a report and recommendation because motions for remand, while not categorically dispositive under 28 U.S.C. § 636(b)(1)(A), are generally treated as dispositive motions for which a magistrate judge must issue a report and recommendation. *Vogel v. U.S. Office Prod. Co.*, 258 F.3d 509, 517 (6th Cir. 2001).

Entry No. 1). Her lawsuit arises from events that began on March 4, 2023, when she was arrested by officers of the Murfreesboro City Police Department after they arrived at her home in response to a domestic dispute between Plaintiff and her sister. At the time, there was also a pending criminal charge against Plaintiff for educational neglect based on alleged truancy of her school aged children. When arrested, Plaintiff had three minor children – Isaiah Emmanuel Johnson, V.J., and C.G., aged 16, 14, and 20 months at the time – in her home and they were placed into the custody of the Tennessee Department of Children's Services ("DCS") when she was arrested. DCS then filed a petition in the Rutherford County Juvenile Court to declare the children dependent and neglected and for emergency temporary legal custody of the children. The Juvenile Court granted the petition and a protective custody order was entered that placed the children in the custody of the Juvenile Court and DCS.

Since that time, Plaintiff has been embroiled in legal proceedings related to both the criminal charges and the custody of her children. Although the oldest child, Isaiah Emmanuel Johnson, has turned 18, the two younger children remain in the custody of DCS. Plaintiff contends that the criminal charges have been resolved favorably to her but that she has been wrongfully denied the custody of her children. DCS filed a petition on August 26, 2024 in the Rutherford County Juvenile Court to terminate her parental rights and the parental rights of the fathers of V.J. and C.G. That petition remains pending at this time.

In the complaint, Plaintiff asserts federal question and supplemental jurisdiction and brings 13 claims for alleged federal constitutional violations, violations of state law, and other wrongdoings based upon these events. (*Id*. at 62-66.) She seeks various forms of damages, declaratory relief, and injunctive relief, including an injunction prohibiting the Juvenile Court from interfering with her

custodial rights and ordering the return of her children to her care and custody. (*Id*. at 66-71.)[2] Named as defendants are sixteen state and county entities and employees that have been involved in some manner in these events: DCS; DCS Commissioner Margie Quin; DCS attorneys Stephen Marsh and Martha Gillespie-Stewart; DCS employee and Children Protective Services Case Manager Khelsea Smith; Rutherford County, Tennessee ("Rutherford County"); Rutherford County Judge Travis Macon Lampley; Rutherford County Magistrate Judge S. Ray White; Rutherford County Assistant District Attorney Jonathan Kyle Cameron; court appointed guardian ad-litems Betsy Leigh Crow and Cherie Lane Cash-Kristinus; Murfreesboro Police Department Officers Victor Eugene Morris, Brandon McKnight Huddleston, and Ashley Mellinger; and foster parents Melveshia Kenice Doston and Jesse Ewing Dotson, III.

All Defendants, other than the Dotsons and Betsy Leigh Crow, have appeared. Motions to dismiss that are currently pending and ripe for decision have been filed by the majority of the Defendants.[3] Plaintiff likewise has filed a variety of motions that are pending and ripe for decision. Notably, Plaintiff and Isaiah Johnson have moved to amend the complaint to permit Isaiah Johnson to sign the original complaint as a plaintiff (Docket Entry No. 40) and Plaintiff has recently moved to file another amendment that adds two new individuals as defendants - a third state court judge and another DCS caseworker - and adds new claims that are based upon the continued Juvenile

---

[2] In a post-complaint filing, Plaintiff seeks further relief from this Court, consisting of requests for the direct intervention of this Court in the Juvenile Court proceedings. *See* Motion for Expedited Reunification/Placement; Motion to Change of Venue to Shelby County Juvenile Court; and Motion to Enjoin Rutherford County Juvenile Court and any Substitutes from Taking Further Actions in Case No. TC-4915 & TC-5456 (Docket Entry No. 7).

[3] Motion to Dismiss of Brandon McKnight Huddleston, Ashley Mellinger, Victor Eugene Morris (Docket Entry No. 14); Motion to Dismiss of DCS, Martha Monique Gillespie-Stewart, Stephen Justus Marsh, Khelsea Tyese Smith, and Margie Williams Quin (Docket Entry No. 42); Motion to Dismiss of Travis Macon Lampley, S. Ray White, and Rutherford County (Docket Entry No. 47); and Motion to Dismiss of Jonathan Kyle Cameron (Docket Entry No. 56).

Court proceedings and DCS's activity related to the custody of her children (Docket Entry No. 69). Finally, Plaintiff has recently filed an "emergency motion for temporary restraining order and preliminary injunction and declaratory relief,' in which she seeks an order from this Court that, among other things, halts certain actions by DCS, ceases all proceedings in the Juvenile Court, orders the return of the minor children to Plaintiff's custody, and schedules a hearing to examine the state court proceedings and orders. (Docket Entry No. 81.)

## II. REMOVAL AND REMAND MOTIONS

On May 30, 2025, Plaintiff filed what is styled as "Request For Judgment Under Rule 54(b); Notice of Removal." Plaintiff states that she comes "pursuant to 28 U.S.C. §§ 1331, 1441, 1443, and 1446, and respectfully files this Notice of Removal of the juvenile proceeding tc5456 from the Juvenile Court of Rutherford County, Tennessee to the United States District Court for the Middle District of Tennessee" and "pleads for relief under Rule 54(b)." (Docket Entry No. 70 at 1.) The grounds for her request for removal are (1) her assertion that her civil rights continue to be violated by the state Juvenile Court proceedings and (2) her contention that the judge who was specially appointed by the Tennessee Supreme Court to hear the Juvenile Court proceedings, Judge Michael Meise, is acting beyond his jurisdictional authority.[4]

Responses in opposition to removal have been filed by Defendants Travis Macon Lampley, S. Ray White, and Rutherford County (Docket Entry No. 76) and Defendants Martha Monique Gillespie-Stewart, Stephen Justus Marsh, Khelsea Tyese Smith, Margie Williams Quin, and DCS (Docket Entry No. 77). By these filings, Defendants primarily argue that the requested removal of the state Juvenile Court proceedings is improper because this Court lacks subject matter jurisdiction

---

[4] Although not clearly stated in the filings, it appears to the Court that Judge Lampley recused himself, as well as all magistrate judges for the Rutherford County Juvenile Court, from the Juvenile

4

Case 3:24-cv-01304   Document 84   Filed 07/02/25   Page 4 of 9 PageID #: 1151

over those proceedings and the state court action is therefore not subject to removal. Defendant DCS also filed an emergency motion to remand of the matter back to the state Juvenile Court pursuant to 28 U.S.C. § 1447(c) as expeditiously as possible given the significance of the termination proceeding at issue in state court and the delay in the state court proceedings caused by Plaintiff's removal petition. (Docket Entry No. 78.)

Plaintiff responded in opposition to the motion for remand, setting forth several pages of what she believes are irregularities and wrongdoings in the state court proceedings. She argues that removal is proper because the claims in the instant case and the irregularities and wrongdoings that she points to involve significant federal issues and questions and that removal would ensure that Plaintiff's constitutional rights are adjudicated fairly and without bias. (Docket Entry No. 80.)

### III. ANALYSIS

Plaintiff's notice of removal and attempt to remove the state Juvenile Court proceedings to this Court is patently improper. Accordingly, her notice of removal is properly deemed ineffective and the motion for remand filed by Defendant DCS is properly granted, warranting remand of this matter back to the Rutherford County Juvenile Court.

The removal statutes, 28 U.S.C. §§ 1441 *et seq.*, are "to be construed strictly, narrowly and against removal." *Tech Hills II Assocs. v. Phoenix Home Life Mut. Ins., Co.*, 5 F.3d 963, 968 (6th Cir. 1993). The party seeking removal bears the burden of demonstrating the federal court has original jurisdiction over the action. *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549 (6th Cir. 2006).

Plaintiff fails to meet this burden. Generally, a civil action may be removed from state court to federal court only if the action could have been filed originally in federal court. 28 U.S.C. § 1441.

---
Court proceeding on November 12, 2024, because he was named as a defendant in the instant case and that Judge Meise was thereafter appointed. (Docket Entry Nos. 43-4, 43-5, 70-1, and 73-1.)

Plaintiff's removal notice is clearly not sufficient in this regard. The proper focus of the removal analysis is on the complaint or other filing document in the state court action that is sought to be removed. *Home Depot U. S. A., Inc. v. Jackson*, 587 U.S. 435, 441 (2019). Removal is proper only if that action itself could have been brought in federal court. *Id*.

*First*, the action sought to be removed by Plaintiff is a state court action to terminate her parental rights and is one that is based upon and governed by state law. Tenn. Code Ann. §§ 36-1-113; 37-1-104(c); 37-1-147(a). It is not an action that could have been filed in the first instance in federal court. Indeed, more than 100 years ago, the United States Supreme Court stated, "The whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the states and not to the laws of the United States." *In re Burns*, 136 U.S. 586, 593-94 (1890). There is no basis for Plaintiff's assertion that the state court action arises under federal law and is one over which this Court has original federal jurisdiction.

*Second*, although Plaintiff raises defenses or objections to the state court action that are based upon federal law, her assertion of such defenses or objections does not provide a basis that supports removal. *See Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002) ("[A] counter-claim-which appears as part of the defendant's answer, not as part of the plaintiff's complaint-cannot serve as the basis for 'arising under' jurisdiction."); *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986) ("A defense that raises a federal question is inadequate to confer federal jurisdiction."); *Chase Manhattan Mortg. Corp. v. Smith*, 507 F.3d 910, 914-15 (6th Cir. 2007) (federal counterclaims and defenses are inadequate to confer federal jurisdiction and fail to establish an objectively reasonable basis for removal).

*Third*, a case cannot be removed from state court to become part of an already existing federal case. *See Paralee Boyd Salon, LLC v. COG Studio, LLC*, 2016 WL 5388911, at *1 (E.D.

Mich. Sept. 27, 2016) ("The Notice of Removal was improperly filed. This is because a case cannot be removed from state court to become part of an already existing federal case."). Plaintiff cannot merely merge the action that is currently pending in the Juvenile Court into the instant federal case. The fact that her pending federal civil rights lawsuit is related to or is based upon the proceedings in the state court action simply fails to provide a basis supporting removal of the state court proceeding.

*Finally*, the substantive issues of parental rights are inherently matters of state law, and the Sixth Circuit has consistently held that "[e]ven when brought under the guise of a federal question action, a suit whose substance is domestic relations generally will not be entertained in a federal court." *Firestone v. Cleveland Trust Company*, 654 F.2d 1212, 1215 (6th Cir. 1981), citing *Denman v. Leedy*, 479 F.2d 1097, 1098 (6th Cir. 1973). *See Fisher v. Miliken*, 2022 WL 1094720, at *4 (W.D.Ky. Apr. 12, 2022) ("This Court lacks jurisdiction to consider Plaintiff's request to have her child returned to her custody due to the domestic-relations exception to federal jurisdiction."). Therefore, any attempt by Plaintiff to use this federal forum to decide domestic relations matters regarding child custody and her parental rights is a futile effort.

Plaintiff's reliance upon removal premised upon 28 U.S.C. § 1443(1) fares no better. Removal under this provision is limited and exceedingly narrow. *City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 828 (1966) ("Under § 1443(1), the vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court."). Plaintiff's assertion that her civil rights are being violated by the proceedings in the Juvenile Court simply fails to warrant removal under Section 1443(1). *See Tennessee Dep't of Children's Servs. v. Winesburgh*, 614 F.App'x 277, 278 (6th Cir. 2015) (state juvenile court petition to terminate parental rights could

not be removed to federal court pursuant to Section 1443(1)); *Schriber v. Kentucky Dep't of Child Protective Servs.*, 2021 WL 1877808 (W.D.Ky. May 10, 2021) (same).

Because the Court finds that Plaintiff fails to show that removal is substantively proper, it is not necessary to address Defendants' arguments that Plaintiff's notice of removal is also procedurally deficient.

The Court notes that the intent behind Plaintiff's reference to Rule 54(b) in her notice of removal is unclear. Rule 54(b) sets out the parameters for entry of a final judgment in a case that involves multiple claims or parties. It has no relevance to the issue of removal.

## RECOMMENDATION

Based on the foregoing, it is respectfully **RECOMMENDED** that:

(1) Plaintiff's "request for judgment under Rule 54(b) and notice of removal" (Docket Entry No. 70) be **DENIED**.

(2) The emergency motion to remand filed by Defendant Tennessee Department of Children's Services (Docket Entry No. 78) be **GRANTED**.

(3) The state action sought to be removed by Plaintiff be **REMANDED** back to the Rutherford County Juvenile Court.

(4) All other pending motions be terminated or denied as moot.

**ANY OBJECTIONS** to this Report and Recommendation must be filed **within fourteen (14) days** of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States*

*v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed **within fourteen (14) days** after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

Respectfully submitted,

_____
BARBARA D. HOLMES
United States Magistrate Judge