UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| BRENDA JOHNSON, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | NO. 3:24-cv-1304 |
|  | ) |  |
| TRAVIS MACON LAMPLEY, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

# MEMORANDUM OPINION AND ORDER

Plaintiff filed a 71-page, single-spaced, rambling Complaint against the Tennessee Department of Children's Services ("DCS"), the Commissioner of DCS, five DCS employees (including two foster parents), two judges, a state prosecutor, two court-appointed attorneys (who protected the interests on Plaintiff's minor children during court proceedings), three police officers, and Rutherford County. (Doc. No. 1).

The Magistrate Judge undertook the Herculean effort of attempting to decipher the Complaint and subsequent Motion for Removal. In her Report and Recommendation ("R&R"), Judge Holmes recommended: (1) remanding the DCS matter involving Plaintiff's children back to the Rutherford County Juvenile Court; (2) dismissing all claims against Brandon Huddleston, Ashley Mellinger, Victor Morris, Travis Lampley, and Ray White; and (3) abstaining from exercising further jurisdiction under the domestic relations exception to federal jurisdiction and the Younger doctrine. (Doc. No. 89). Plaintiff filed Objections to Judge Holmes' Report, arguing that: (1) she is entitled to remove the state court case involving the termination of her parental rights, (Doc. No. 92 at 5); (2) she stated § 1983 claims that were independent of any state court proceedings, (id.); (3) it is illegal for the state court to have merged her children's removal

proceedings under a single judge who had "limited appointment authority," (id. at 6); and (4) the domestic relations exception does not apply to her claims that are based on "closed or void state proceedings." (Id.).

The Court would be inclined to accept and adopt significant portions of the R&R; however, there are two outstanding motions to amend (Doc. Nos. 40 and 69). Because leave to amend should be liberally granted and because Plaintiff's amended pleading (especially if she applies the principles set forth in the R&R and this Order) could substantially change the issues presented, the better course of action is to strike Plaintiff's existing allegations and then rule on any motions that follow. See Med. Ctr. at Elizabeth Place, LLC v. Atrium Health Sys., 922 F.3d 713, 732–33 (6th Cir. 2019) ("The standard for a motion to amend is governed by the general principle that 'cases should be tried on their merits rather than the technicalities of pleadings.'").

Accordingly, the Court will strike the Complaint (Doc. No. 1) and Plaintiff's "First Motion for Entry of Judgment/Notice of Removal" (Doc. No. 70). The Court will deny all remaining motions (Doc. Nos. 2, 7, 8, 14, 23, 29, 42, 47, 54, 56, 78, 81, 91) as moot except for Plaintiff's motions to amend her complaint. Plaintiff will be allowed to amend her complaint, subject to the guidelines (and warnings) below.

### A. The Complaint must be stricken because it fails to comply with the Federal Rules of Civil Procedure.

Although *pro se* pleadings are held "to less stringent standards[,]" Haines v. Kerner, 404 U.S. 519, 520 (1972), *pro se* parties are not excused from complying with simple, easily-understandable requirements that make for orderly proceedings. See Brown v. L.E. Woodward, 1998 WL 211785, at *1 (6th Cir. Apr. 23, 1998) (a *pro se* litigant is not "relieved of the responsibility to comply with the basic rules of court"); see also Wells v. Brown, 891 F.2d 591,

2

Case 3:24-cv-01304   Document 96   Filed 08/20/25   Page 2 of 8 PageID #: 1259

594 (6th Cir. 1989) (collecting cases where courts have required pro se litigants to adhere to basic pleading requirements).

The Complaint fails to comply with the most basic rules of civil procedure. First, Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Although "no technical form" is required by Rule 8, it does require allegations that are "simple, concise, and direct." Rule 8(d)(1). The Complaint does not satisfy either the "plain" or "short" requirements of Rule 8.

Rule 8 requires a "plain" statement of the claim because "the principal function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988). A court is not obligated to "stitch together cognizable claims for relief from [a] wholly deficient pleading" filed by a plaintiff. See Shophar v. United States, 838 F. App'x 328, 333 (10th Cir. 2020). Plaintiff's statement of her claims is not plain. It includes page after page of irrelevant information followed by grievances. None of this peripheral information appears connected to a particular legal issue. The Defendants and the Magistrate Judge admirably tried to make sense of what Plaintiff was saying, but this Court is disinclined to engage in similar guesswork. If Plaintiff believes her constitutional rights have been violated by a state actor, she should articulate the right that has been violated, the person who did so, and the facts showing how the right was violated.

Rule 8 also requires that the statement be short because "unnecessary prolixity [] places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage." Id.; see also Vicom, Inc. v. Harbridge Merch. Servs., Inc., 20 F.3d 771, 775–76 (7th Cir. 1994) (noting that a complaint that is "prolix and/or confusing makes it difficult for the defendant to file a responsive pleading and makes it difficult

3

for the trial court to conduct orderly litigation"). The Complaint is 71 single-spaced pages. If she complied with the Court's Local Rules governing font-size and spacing, see L.R. 7.03, her Complaint would be closer to 150 pages. Other courts have dismissed or stricken similarly prolix complaints. E.g., Flayter v. Wisconsin Dep't of Corr., 16 Fed. Appx. 507, 509 (7th Cir. 2001) (affirming dismissal of 116-page complaint pursuant to Rule 8(a)(2)); Plymale v. Freeman, 930 F.2d 919, 1991 WL 54882, at *1 (6th Cir. Apr.12, 1991) (affirming district court's dismissal of 119 page "rambling complaint"); Kuot v. Corrections Corp. of America, 2018 WL 655158 (M.D. Tenn. Feb. 1, 2018) (Finding 143-page, "rambling, repetitive, and far-reaching" complaint violated Rule 8 and requiring the plaintiff to file an amended complaint). The Court will do the same here.

In addition to running afoul of Rule 8, the Complaint also ignores Federal Rule of Civil Procedure 10(b). Rule 10(b) requires that claims be set out "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." The current Complaint contains no numbered paragraphs, as required by the Rule. Should Plaintiff file an amended complaint, she must comply with Rule 10(b) and individually number each factual allegation and state each legal claim in a separately identified count.

**B. Leave to amend will be granted.**

Plaintiff has twice requested leave to amend. (Doc. Nos. 40, 69). However, none of her proposed amended complaints comply with the Federal Rules of Civil Procedure or the Local Rules. The proposed amended complaints also repeat claims against individuals that are simply unviable. Because leave to amend should be liberally granted, see Foman v. Davis, 371 U.S. 178, 182 (1962), the Court will give Plaintiff another opportunity to state viable claims based on federal law. "In deciding whether to grant a motion to amend, courts should consider undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of

4

amendment." Brumbalough v. Camelot Care Ctrs., Inc., 427 F.3d 996, 1001 (6th Cir. 2005). Because this case is only ten months old, Plaintiff quickly moved to amend, and Plaintiff has not been given a previous opportunity to cure pleading deficiencies, the Court will give her a second bite at the apple.

However, her existing proposed amended complaints do not do the trick. As Plaintiff considers whether to file an amended complaint, and if so, what to include in one, she should be mindful of the legal principles set forth in Judge Holmes' Report and Recommendation (Doc. No. 89) and further emphasized below. Plaintiff, despite being untrained in the law, can no longer plead ignorance of the law.

To be clear, before filing an amended complaint, Plaintiff must consider the factual and legal viability of her claims, or she may subject herself to potential monetary sanctions under Federal Rule of Civil Procedure 11.[1] For example, Plaintiff should embrace these legal principles if she files an amended complaint:

- Lawsuits against judges related to their official duties are barred by the doctrine of absolute judicial immunity. (Doc. No. 89 at 18-19) (describing the legal standards for absolute judicial immunity).

- Prosecutors are immune from civil suit for their conduct in "initiating a prosecution and in presenting the State's case. See Burns v. Reed, 500 U.S. 478, 486, (1991).

- Lawsuits brought against a state or its agencies are barred by sovereign immunity unless the state waives its Eleventh Amendment immunity or Congress overrides it. See Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993); see also Crawford v. Child Protective Servs., 2009 WL 790173, at *2 (W.D. Ky. Mar. 23, 2009); Binkowski v. Fam. & Children's Servs. Agency, 39 F. Supp. 2d 882, 887 (W.D. Mich. 1998). In enacting § 1983, Congress did not intend to override the traditional sovereign immunity of the states, Whittington v. Milby, 928 F.2d l88 (6th Cir. 1991), and Tennessee has not waived its immunity for

---

[1] For example, if she were to refile a claim that is clearly time-barred or if she were to refile a claim against someone who is protected by absolute judicial immunity, Plaintiff could be made to pay the legal expenses of those parties that have to respond to frivolous claims.

5

- § l983, see Morgan v. Bd. of Pro. Resp. of the Supreme Ct. of Tennessee, 63 F.4th 510, 518 (6th Cir. 2023) (citing Tenn. Code Ann. § 20-13-102(a)).

- A county department or agency is not a "person" within the meaning of § 1983 and therefore cannot be sued under that statute. See Boykin v. Van Buren Twp., 479 F.3d 444, 450 (6th Cir. 2007); Edward v. Jail, 2016 WL 2937146, *2 (E.D. Mich. May 20, 2016).

- To state a § 1983 claim against a county, the plaintiff must prove that the county had a policy, practice, or custom that was deliberately indifferent to a third party's constitutional rights. See City of Canton v. Harris, 489 U.S. 378, 385 (1989). A county cannot be held liable under § 1983 on a theory of *respondeat superior* or vicarious liability. Id.; see also Kiner v. City of Memphis, 2025 WL 1841252, at *5 (W.D. Tenn. Feb. 12, 2025).

- State and county employees are often shielded from § 1983 liability by the doctrine of qualified immunity. An employee is immune if they perform a discretionary function, and their conduct does not violate clearly established rights that a reasonable official should have known. See Badder v. Schmidt, 50 F. Supp. 3d 902, 909 (E.D. Mich. 2014).

- Lawsuits must be timely. Lawsuits that are clearly barred by an applicable statute of limitations should not be brought. For example, Judge Holmes correctly explained why claims against Officers Huddleston, Mellinger, and Morris that were based on an arrest that took place on March 4, 2023 arrest are time-barred. (Doc. No. 89 at 16).

- Generally, federal courts will not become entangled in ongoing state court proceedings. (Id. at 10-15). Moreover, the Court lacks jurisdiction to enter or modify any order relating to a "child-custody decree." McGuire v. Tennessee, 2023 WL 9289932, at *2 (6th Cir. Mar. 17, 2023). To the extent Plaintiff wants this Court to alter the outcome of the proceedings to terminate her parental rights or any proceedings relating to the custody of her children, this Court cannot do so.

Based on these principles, it is unlikely that Plaintiff can brings claims against many of the entities or individuals she named in her original (and now stricken) Complaint. Nevertheless, if Plaintiff truly has a claim arising out of federal law—e.g., § 1983 claim—that does not run afoul of the aforementioned legal principles, she may bring it. For example, if she has been arrested and the officers used excessive force in violation of the Fourth Amendment, she should plainly and succinctly plead that claim (assuming the claim is not time-barred). Or if she has been barred from

6

a public court proceeding, especially one involving her or her children, she may be able to claim a First or Fifth Amendment violation under § 1983. But she cannot ignore well-established legal principles by suing people who are clearly immune or by bringing claims that are clearly time barred. She also cannot rant about her circumstances (as unfortunate as they may be) and then state, in a conclusory manner, that a state actor has violated a generalized constitutional right. Plaintiff must articulate a viable federal claim to move forward, and she must comply with the Federal Rules in filing any future pleadings. Plaintiff has been forewarned, so now she is forearmed.

### C. The state court proceedings do not need to be remanded because removal was never "effected."

Six months after filing this case, Plaintiff also attempted to "remove" the underlying state court proceedings and combine them with this federal action. To remove an action from state court a defendant must: (1) "file … a notice of removal," (2) provide "copy of all process, pleadings, and orders," (3) file the notice of removal "within 30 days after the receipt by the defendant, through service or otherwise, a copy of the initial pleading," and (4) file the notice of removal "with the clerk of the State court." 28 U.S.C. § 1446. There is no evidence that Plaintiff complied with the requirements for removal and, therefore, removal was never "effected." <u>Id.</u> Because Plaintiff did not meaningfully comply with § 1446, there is nothing to remand. However, out of an abundance of caution, even if removal was properly "effected," the Court would still remand the state court action for the reasons set forth in Judge Holmes' Report. (Doc. No. 89). Under no circumstances can this federal district court preside over what amounts to an appeal of a custody order from a state juvenile and domestic court. (Doc. 70 at 15) (Plaintiff requests that this Court "[d]eclare Judge Meise's ruling in case TC4915 void due to lack of jurisdiction," and "order removal of future [custody] proceedings to the Middle Tennessee District Court.").

In sum, nothing precludes the state court from proceeding with any cases relating to the custody of Plaintiffs' children or the termination of Plaintiff's parental rights.

**D. Conclusion**

For the reasons set forth above, the Complaint (Doc. No. 1) is **STRICKEN**.

Plaintiff's Motions to Amend (Doc. Nos. 40 and 69) are **GRANTED IN PART**. The proposed amended complaints will not become the operative pleading(s). Rather, Plaintiff shall have **thirty (30) days** from the date of this Order to file an amended complaint that complies with the Federal Rules of Civil Procedure, including Rules 8, 10 and 11.

Plaintiff's "First Motion for Entry of Judgment/Notice of Removal" (Doc. No. 70) is **STRICKEN** from the record. No removal has been "effected" and, therefore, the state court has full jurisdiction over its case(s). Alternatively, if removal has been "effected," the matter is remanded to state court.

The remaining motions (Doc. Nos. 2, 7, 8, 14, 23, 29, 42, 47, 54, 56, 78, 81, 91) are **DENIED AS MOOT**.

The Clerk is instructed to administratively close the file. The case should only be reopened if Plaintiff files an amended complaint within thirty days. If Plaintiff fails to meet the Court's 30-day deadline, she will have to file a new case, and this matter will remain closed.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE